UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| DEFONNA CASTENS, individually and as Special Administrator of the Estate of Robert Linn, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-CV-628-TCK-FHM |
| CONSECO LIFE INSURANCE COMPANY, and RICK CAMPBELL, | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Remand (Doc. 11).

**I.     Background**

Plaintiff Defonna Castens, individually and as Special Administrator of the Estate of Robert Linn, brought this action in the District Court for Tulsa County, State of Oklahoma on October 13, 2011. In her Petition, Plaintiff alleges that she is the beneficiary of a life insurance policy between her late father, Robert Linn ("Linn") and Defendant Conseco Life Insurance Company ("Conseco"). On or around February 19, 2004, Linn purchased a life insurance policy from Conseco through Conseco's agent Defendant Rick Campbell ("Campbell"). Plaintiff alleges that Campbell completed the application inaccurately by submitting an inaccurate height and weight of Linn and by submitting a signature on the application that was not Linn's. In her Petition, Plaintiff asserts a negligence claim against Campbell based on his breach of a duty of care in carrying out his duties as an insurance agent.

With respect to Plaintiff's claim against Conseco, Plaintiff alleges that various communications with Linn regarding the amount, due date, and mailing address for his premium

payments were confusing and that, despite Linn's best efforts to comply, Conseco deemed the policy lapsed. Plaintiff further alleges that, after the policy lapsed, Conseco instructed him to submit a new application and then rejected such application because the signature thereon did not match the signature on his original application. Linn was still attempting to reinstate his coverage when he died. Following his death, Plaintiff submitted a claim for life insurance proceeds pursuant to the original policy, which Conseco denied. Plaintiff alleges that, in its overall course of conduct and in denying her claim for insurance proceeds, Conseco breached its duty of good faith and fair dealing.

In its Notice of Removal, Conseco alleges that: (1) removal is proper pursuant to 28 U.S.C. § 1441(a), which permits removal of any action over which this Court has original jurisdiction; (2) this Court has original jurisdiction over the action based on 28 U.S.C. § 1332(a), which permits actions to be brought in federal court where the parties are of diverse citizenship and the amount in controversy exceeds $75,000; and (3) Campbell's citizenship must be disregarded because he was fraudulently joined, and Plaintiff and Conseco are of diverse citizenship. In his motion to remand, Plaintiff argues that Conseco has failed to meet its burden of establishing fraudulent joinder of Campbell. Conseco does not dispute that, if Campbell is properly joined, this Court lacks original jurisdiction because Plaintiff and Campbell are both Oklahoma residents.

**II.     Fraudulent Joinder Standard**

"The case law places a heavy burden on the party asserting fraudulent joinder." *See Monsanto v. Allstate Indemnity*, No. 99-2225, 2000 WL 525592, at * 1 (10th Cir. April 14, 2000).

> "To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all

2

ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned."

*Id.* at \*\* 1 - 2. (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)). In determining whether there is any possibility of recovery against the party that is improperly joined, the legal standard is "more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id.* at \* 2. Remand is required if any one of the claims against the non-diverse defendant is possibly viable. *Id.* at \* 2. With respect to the consideration of evidence, a removing defendant who pleads fraudulent joinder must support his claim with clear and convincing evidence. *Mitchell v. Ford Motor Co.*, No. 05-379, 2005 WL 1657069, at \* 3 (W.D. Okla. July 5, 2005). Although the court may consider evidence outside the pleadings, "it is not proper for the court to pre-try issues of liability on a motion to remand." *Id.*

### III.  Analysis

In its Notice of Removal, Conseco asserted that Plaintiff could not possibly establish a cause of action against Campbell for two reasons: (1) an insurance agent may be held liable for negligent acts taken during the procurement of an insurance contract *only* if the insurance contract is never procured; and (2) Plaintiff's claim is barred by the statute of limitations. (Not. of Removal ¶¶ 14-15.)

3

### A. Actionable Negligence Claim

Conseco has failed to demonstrate that Plaintiff cannot possibly state a claim for relief against Campbell. First, the Oklahoma Supreme Court has never pronounced any rule that an insurance agent's negligence is actionable only if it results in non-procurement of the policy. Second, the Oklahoma Court of Civil Appeals has held that there is "a duty on the part of [an insurance agent] to exercise reasonable skill and care in performing its tasks; i.e., procuring insurance and making any necessary corrections or adjustments after a policy is issued." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. 1999). While the *Swickey* court also stated that "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, *insurance is not procured* as promised and the insured suffers a loss," *see id.* (emphasis added)*; see also Kutz v. State Farm Fire & Cas. Co.*, 189 P.3d 740, 745 (Okla. Civ. App. 2008) (same), the Court does not interpret this statement in the limiting manner proposed by Conseco. Instead, as with all negligence claims, a plaintiff must simply show that he suffered damages flowing from the breach of the agent's duty of care. While damages are obvious if the insurance is never procured, Conseco has not adequately demonstrated that Oklahoma law bars recover for any other type of harm flowing from the agent's alleged negligence.

In *Kutz*, the case principally relied upon by Conseco, the alleged negligence was failing to notify the insured prior to lapse of the policy due to non-payment of the premium, and the court found no duty "to notify the insured in advance of cancellation for non-payment." 189 P.3d at 745. Here, Campbell's alleged negligence of affixing a false signature and submitting inaccurate data occurred during the application process. Despite the first policy being issued, Plaintiff alleges that

4

she suffered other harm flowing from Campbell's errors in the application process – namely, failure to procure a second policy because the signature on the second application did not match the first. The Court finds these allegations sufficient to defeat Conseco's fraudulent joinder argument. *See generally New Hampshire Ins. Co. v. Diller*, No. 07-cv-1131, 2008 WL 2684071, at * 4 (D.N.J. June 30, 2008) (denying summary judgment on an insured's third-party claim for negligence against insurance broker who allegedly made misstatements on insurance application, which allegedly contributed to future recision of policy) ("This unresolved dispute over who might be responsible for any falsehoods or omissions in the initial application process renders this unripe for summary judgment disposition.").

**B. Statute of Limitations**

Plaintiff's negligence claim against Campbell is subject to a two-year statute of limitations. Okla. Stat. tit. 12, § 95(3). Oklahoma generally follows the discovery rule, which "tolls the statute until an injured party knows of, or in the exercise of reasonable diligence, should have known of or discovered the injury, and resulting cause of action." *Lovelace v. Keohane*, 831 P.2d 624, 629 (Okla. 1992). Whether the discovery rule applies to certain professional negligence actions is a judicial determination made on a case-by-case basis. *See id.*

Conseco has failed to cite any case law or otherwise demonstrate that the discovery rule does not apply to Plaintiff's negligence claim against Campbell. Conseco has also failed to demonstrate, as a matter of clear and convincing evidence, that Plaintiff discovered Campbell's alleged negligence more than two years prior to filing the state court action. Plaintiff alleged that she did not discover Campbell's alleged negligence in completing the insurance application until April 22, 2010. (Pet. ¶ 26.) Conseco has offered no factual evidence, let alone clear and convincing evidence,

5

refuting this allegation. Therefore, Conseco has failed to meet its burden of showing that Campbell is fraudulently joined because the claim against him is time barred.

**III.     Conclusion**

Plaintiff's Motion to Remand Action (Doc. 11) is GRANTED. This action is hereby REMANDED to the District Court for Tulsa County, State of Oklahoma.

**SO ORDERED this 24th day of February, 2012.**

*/s/ Terence C. Kern*

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**